IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DANETTE VINCENT
f/k/a DANETTE BOYD,

    Plaintiff,

v.                                       Criminal Action No. 5:17CV109
                                                                (STAMP)
CITIMORTGAGE, INC. and
CITICORP HOME MORTGAGE
SERVICES, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND**

This is a consumer credit case arising out of a home mortgage loan. The plaintiff, Danette Vincent, filed this civil action in the Circuit Court of Brooke County, West Virginia. The defendants, CitiMortgage, Inc. ("CitiMortgage") and CitiCorp Home Mortgage Services, Inc. ("CitiCorp"), removed the case to this Court citing diversity jurisdiction. The plaintiff then filed a motion to remand, which is fully briefed and ripe for decision. For the following reasons, the plaintiff's motion to remand is denied.

## I. Background

The plaintiff obtained a residential home mortgage loan from HomeSense Financial Corporation in April 2000. The plaintiff alleges that the deed of trust for that mortgage loan expressly prohibits the lender from charging the borrower attorney's fees. CitiCorp became the holder of the mortgage through a series of assignments, at which point CitiMortgage began serving as the loan

servicer.  As the loan servicer, CitiMortgage took actions, including the assessment of fees, on behalf of CitiCorp, the loan holder.  CitiMortgage modified the loan in April 2002, by extending the loan term and resetting the interest rate to 12.00% per annum.  The interest rate was previously set at 13.49% per annum, which the plaintiff had a difficult time managing.

The plaintiff alleges that the defendants breached the mortgage contract and engaged in unfair debt collection practices.  Specifically, the plaintiff alleges that CitiMortgage "assessed unlawful default fees to the loan" and "made multiple misrepresentations to the Plaintiff by overstating balances, which include unlawful fees."  ECF No. 1-1 at 7.  The plaintiff alleges that the unlawful fees included "property inspection fees, legal expenses and attorney's fees, where no foreclosure sale was even held."  ECF No. 1-1 at 7.  Count I of the complaint asserts the breach of contract claim against both defendants, and Count II asserts the unfair debt collection claim against both defendants.  The plaintiff alleges that CitiCorp, the loan holder, is vicariously liable for the acts and omissions of CitiMortgage, the loan servicer.  ECF No. 1-1 at 6.

In the notice of removal, the defendants assert that this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

The defendants state that there is complete diversity because the plaintiff is a West Virginia citizen, defendant CitiMortgage is a Delaware corporation with its principal place of business in Missouri, and defendant Citicorp is a North Carolina corporation with its principal place of business in Missouri. The defendants allege that the amount in controversy exceeds $75,000.00 exclusive of interests and costs based on the plaintiff's settlement demand of $175,000.00.

After removal to this Court, the plaintiff filed a motion to remand arguing that the defendants' notice of removal is untimely because the defendants failed to file it within 30 days after it could "first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). There is no dispute that the parties are completely diverse.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). However, if federal jurisdiction arises only by virtue of the parties' diverse

3

citizenship, such an action "shall be removable only if none of the . . . defendants is a citizen of the State in which such action is brought." Tomlin v. Office of Law Enforcement Tech. Commercialization, Inc., 5:07CV42, 2007 WL 1376030, at *1 (N.D. W. Va. May 7, 2007). The party seeking removal bears the burden of establishing federal jurisdiction. See In re Blackwater Security Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006); Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Hartley v. CSX Transp., Inc., 187 F.3d 422 (4th Cir. 1999); Mulcahey, 29 F.3d at 151.

Further, the court is limited to a consideration of facts on the record at the time of removal. See Lowrey v. Alabama Power Co., 483 F.3d 1184, 1213–15 (11th Cir. 2007) ("In assessing whether removal was proper . . . the district court has before it only the limited universe of evidence available when the motion to remand is filed."); O'Brien v. Quicken Loans, Inc., 5:10CV110, 2011 WL 2551163 (N.D. W. Va. June 27, 2011); Marshall v. Kimble, No. 5:10CV127, 2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) ("The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal."); Fahnestock v. Cunningham, 5:10CV89, 2011 WL 1831596, at *2 (N.D. W. Va. May 12, 2011) ("The amount in controversy is determined by

considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal.") (internal citations omitted).

## III. Discussion

There is no dispute that complete diversity exists. The only issue is whether the amount in controversy was ascertainable before the plaintiff's settlement demand of $175,000.00. The plaintiff argues that the defendants' notice of removal is untimely because it was ascertainable that the case was removable before the plaintiff's settlement demand of $175,000.00. The defendants argue that the plaintiff's settlement demand was their first notice that the amount in controversy exceeded $75,000.00, and, thus, that their notice of removal, filed within 30 days of the settlement demand, was timely.

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). The only exception to § 1446(b)(3) is that a case may not be removed on the basis of diversity jurisdiction under 28 U.S.C. § 1332 "more than one year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c).

The United States Court of Appeals for the Fourth Circuit has adopted the following test for determining when a defendant could first ascertain that a case is removable:

> [W]e will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when. Rather, we will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper.

Lovern v. General Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997).

Based on the record before this Court, the plaintiff's motion to remand must be denied. The plaintiff fails to demonstrate that the defendants' notice of removal was untimely. The plaintiff argues that the defendants had knowledge from the filing date that the amount in controversy exceeded $75,000.00 exclusive of interests and costs because 56 of the alleged violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA") occurred within the applicable statute of limitations. Thus, the plaintiff concludes that the defendants could have calculated on

the filing date that the total amount in controversy was $170,000.00 for those violations alone. The plaintiff also contends that the defendants were in possession of the material that would demonstrate the number of violations, and from which they could determine the amount of recoverable damages for those violations.

However, this Court finds that the amount in controversy was not readily ascertainable before the plaintiff's settlement demand. The plaintiff's complaint failed to identify the number or nature of the alleged WVCCPA violations and, thus, the sum demanded by the plaintiff was not apparent from the four corners of the complaint. The plaintiff argues in her motion to remand that this case is analogous to Byers v. Embrace Home Loans, No. 5:16CV63 (N.D. W. Va. June 9, 2016), in which a similar motion to remand was granted. However, this case is distinguishable from Byers because the Byers defendants were put on notice by the complaint of the specific conduct claimed to have violated the WVCCPA. Because the specific number of WVCCPA violations was apparent from the four corners of the Byers complaint, the defendants could then multiply by the maximum penalty for each violation to determine the amount in controversy. In this case, the plaintiff did not identify in her complaint either the specific context of the alleged violations or the number of alleged violations. Rather, the plaintiff refers only very generally to the types of violations alleged in two short

7

paragraphs of the complaint.  ECF No. 1-1 at ¶¶ 9 and 10.  Accordingly, the Court agrees with the defendants that the plaintiff in this case "expects Defendants to guess at which of their interactions with Plaintiff over the course of more than 15 years in servicing a loan may have constituted the alleged violations complained of by Plaintiff."  ECF No. 10 at 9.

Additionally, the <u>Byers</u> parties had engaged in discovery through which the defendants provided the plaintiff with phone logs and records of correspondence evidencing the defendants' debt collection attempts.  The <u>Byers</u> motion to remand was granted in part because the defendants in that case should have been able to ascertain the amount in controversy from the date they produced the phone logs, and, thus, their notice of removal, filed more than 30 days after receiving the logs, was untimely.  In this case, however, the parties did not engage in any similar discovery prior to the defendants' filing of the notice of removal.

This Court finds that this case is more analogous to <u>Briggs v. Nationstar Mortgage LLC</u>, No. 3:15CV24, 2015 WL 2354605 (N.D. W. Va. May 15, 2015), another similar case in which the plaintiff's motion to remand was denied.  Like in the present case, the <u>Briggs</u> complaint did not specify the number of WVCCPA violations alleged or contain a monetary demand.  Using the <u>Lovern</u> test outlined above, the <u>Briggs</u> court found that the amount in controversy was not ascertainable until the plaintiff's settlement demand of over

8

$75,000.00 during a court-ordered mediation. Briggs, 2015 WL 2354605, at *6. Thus, the Briggs defendants' notice of removal, filed within 30 days of the settlement demand made at mediation, was timely. For the same reason, this Court finds in the present case that the defendants' notice of removal, filed within 30 days of the plaintiff's settlement demand of $175,000.00, was timely. Under Lovern, the face of the complaint controls. Here, the amount in controversy was not apparent from the four corners of the complaint and did not become apparent until the plaintiff's settlement demand.

As stated earlier, the amount in controversy requirement cannot be based on speculation or "what ifs" that may occur. Rather, the court is limited to a consideration of facts on the record at the time of removal. See Lowrey, 483 F.3d at 1213–15. Before the plaintiff's settlement demand, the amount of recoverable damages was unknown and speculative at best. Speculation regarding the amount in controversy requirement fails to satisfy the burden that the removing party bears. See In re Blackwater Security Consulting, LLC, 460 F.3d at 583. Because the defendants would have only been able to speculate as to what the amount of damages might have been based on the complaint alone, removal would have been improper before the settlement demand of $175,000.00. Thus, the defendant's removal within 30 days of the plaintiff's settlement demand was proper.

IV. Conclusion

For the above reasons, this Court finds that it has subject matter jurisdiction in this civil action under 28 U.S.C. § 1332(a). Accordingly, the plaintiff's motion to remand (ECF No. 6) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    November 13, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE